5. Evidence, § 224*—*when not hearsay.* In an action for wrongful death, testimony of a witness that he gave deceased's mother money that deceased sent her is not hearsay.

6. Death, § 48*—*when evidence to show damage is inadmissible.* In an action for wrongful death, receipts reciting that money was received from deceased to be remitted to his brother-in-law and that a bank money order was mailed to such person are incompetent for the purpose of showing a payment to deceased's mother and also as being based on hearsay and where there is no further evidence that the money was paid to the mother of deceased other than to deceased's declarations that he was going to send money to his mother.

## Cora Rankin Rufty, Appellee, v. Warren Rankin, Jr., Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Bond county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Petition by Cora Rankin Rufty for a citation against Warren Rankin, Jr., to compel him, as executor, to inventory certain personalty as the property of the estate of Warren Rankin, Sr. The respondent filed an answer and claimed that a copartnership existed between him and the deceased and that the property was partnership property. From an order determining that the property was the sole property of the estate of the decedent, the respondent appeals.

C. E. Cook and C. E. Hoiles, for appellant.

Cicero J. Lindly and C. E. Davidson, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Mr. Presiding Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 300*—*when order to executor to inventory property is final.* Where, upon the hearing of a petition to compel an executor to inventory certain property as belonging to the estate which the executor claims belonged to a partnership that existed between deceased and himself, the order of the court determines that the property belongs to the estate and orders it to be so inventoried, such order is a final and appealable order.

2. Partnership, § 48*—*how existence determined.* In determining whether a partnership exists, if the agreement is not in writing, the intention of the parties must be ascertained from their language and conduct.

3. Partnership, § 52*—*evidence sufficient to show existence of.* On a petition to require an executor to inventory property that he claimed belonged to a partnership that existed between deceased and himself, petitioner proved admissions by the respondent, made soon after the death, that he had no interest in the property. Respondent testified he held the property under a verbal partnership agreement and many witnesses stated they dealt with deceased as a partner of respondent and that deceased declared a partnership existed. *Held,* a partnership existed.

---

## Rollie Finney, Appellee, v. Harris & Cole Brothers, Appellant.

### (Not to be reported in full).

Appeal from the Circuit Court of Massac county; the Hon. A. W. Lewis, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Rollie Finney against Harris & Cole Bros. to recover damages for injuries received in operating his employer's planing machine. From a judg-